UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN THE MATTER OF THE COMPLAINT FOR
EXONERATION FROM OR LIMITATION OF
LIABILITY OF FREDERICK WHITE and
JOCELYN SIKORSKI, *as owners and/or owners pro hac vice of a 1985, 34-foot J-Boat sailing vessel*,

**DECISION AND ORDER**
19-CV-900S

Petitioners.

## I. INTRODUCTION

This is an action for statutory Exoneration from or Limitation of Liability brought under Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions by Frederick White and Jocelyn Sikorski concerning admiralty and maritime claims within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure. Presently before this Court is Claimant-in-Limitation Tracy DeLeo's Motion to Substitute Kathryn J. White, Administratrix of the Estate of Frederick White, for the deceased Petitioner-in-Limitation Frederick White. For the following reasons, DeLeo's motion is granted.

## II. BACKGROUND

This action arises out of an incident that occurred during a boat race on the waters of Lake Ontario. White owned a 34-foot J-Boat sailing vessel called the Sound Wave. White's stepdaughter, Petitioner-in-Limitation Jocelyn Sikorski, sailed the Sound Wave with White's permission in recreational "club races" sponsored by the Olcott Yacht Club. DeLeo participated in these races aboard the Sound Wave with Sikorski.

1

On August 23, 2018, Sikorski and DeLeo were participating together in a Thursday-evening, women-only "club race." Sikorski was the Sound Wave's "skipper," and DeLeo served in the "floor deck" position. At some point during the race, the Sound Wave's mast broke in two places and fell. A portion of the mast struck DeLeo and allegedly caused her personal injuries, including spinal fractures and shoulder impingement.

On June 19, 2019, DeLeo sued White in state court to recover for her injuries. White and Sikorski thereafter filed their complaint in this action on July 9, 2019. See Docket No. 1. DeLeo filed an answer and a claim on August 29, 2019. See Docket Nos. 4, 5. This Court then referred this case to the magistrate judge for supervision of pretrial proceedings. See Docket No. 6.

Discovery proceedings commenced with the Rule 16 conference and issuance of a case-management order on November 14, 2019. See Docket Nos. 14, 15. After several pandemic-related extensions, discovery closed on September 30, 2020. See Docket No. 27. Sikorski thereafter filed a motion for summary judgment on January 29, 2021, which remains pending. See Docket No. 33. Soon after, on February 11, 2021, DeLeo filed the instant motion to substitute party for White, who passed away on November 19, 2020. After full briefing, this Court took the motion to substitute under advisement without oral argument. See Docket Nos. 38, 39, 45, 48, 49.

### III. DISCUSSION

Rule 25 (a)(1) of the Federal Rules of Civil Procedure provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper

party."  A motion to substitute must be made within 90 days after service of a statement noting the death, otherwise the action by or against the decedent must be dismissed. See Fed. R. Civ. P. 25 (a)(1).  In deciding a motion to substitute a party, courts consider "(1) whether the motion is timely, (2) whether the movant's claims have been extinguished by the death, and (3) whether the movant proposes a proper party for substitution." Bowling v. Jamieson, 9:18-CV-0597 (GTS/DJS), 2021 WL 2176858, at *2 (N.D.N.Y. May 28, 2021) (quoting Int'l Union of Painters & Allied Trades, Dist. Council No. 4 v. Hosek Contractors, 19-CV-1406, 2021 WL 1375649, at *2 (N.D.N.Y. Apr. 12, 2021)).  Proper parties for substitution are a successor or representative of the deceased party.  See Lai Yoong Low v. Tian Yu Inc., 12-CV-7237, 2015 WL 1011699, at *3 (S.D.N.Y. Mar. 9, 2015). For example, a representative or administrator who has received letters of administration for a deceased party's estate is a proper party for substitution.  See Int'l Union of Painters, 2021 WL 1375649, at *3 (collecting cases).

Here, DeLeo has timely filed her motion for substitution within 90 days of White's death.  Moreover, she is prosecuting a claim that survives White's death, and she has named (and now served) the Administratrix of White's estate as the party to be substituted.  According to DeLeo, Kathryn J. White has obtained letters of voluntary administration for White's estate from the Genesee County Surrogate.  (Affidavit of Timothy M. Hudson, Docket No. 38-1, ¶¶ 8, 11; Docket No. 45.)

Sikorski opposes DeLeo's motion on the grounds that DeLeo failed to initially serve the estate and waited to file her substitution motion until after Sikorski filed her motion for summary judgment.  Neither argument is persuasive.  After initially serving White's

counsel with the substitution motion (believing that counsel represented the estate), DeLeo completed service on the estate approximately 30 days later.  See Docket No. 45.  Moreover, DeLeo's motion is timely filed within the 90-day period provided under the rule.  That DeLeo's motion was filed after Sikorski's motion for summary judgment does not make it untimely, nor has Sikorski persuasively identified any unfair prejudice arising from substitution at this time.  While substitution may delay resolution of Sikorski's summary judgment motion, there has been no showing that any such delay would be unfairly prejudicial.

Accordingly, this Court finds that DeLeo's motion should be granted and that Kathryn J. White, Administratrix of the Estate of Frederick White, should be substituted for the deceased Petitioner-in-Limitation Frederick White.

## IV. CONCLUSION

For the reasons stated above, Claimant-in-Limitation Tracy DeLeo's Motion to Substitute Kathryn J. White, Administratrix of the Estate of Frederick White, for the deceased Petitioner-in-Limitation Frederick White, is granted.

## V.  ORDERS

IT HEREBY IS ORDERED, that the Motion to Substitute Party (Docket No. 38) is GRANTED.

FURTHER, that the Clerk of Court is directed to amend the caption to SUBSTITUTE "Kathryn J. White, as Administratrix of the Estate of Frederick White" for the deceased Petitioner-in-Limitation Frederick White.

FURTHER, that, if necessary, Kathryn J. White is directed to obtain expanded

letters of administration from the Genesee County Surrogate to permit the continued prosecution and defense of this action.

FURTHER, that Claimant-in-Limitation DeLeo must serve a copy of this Decision and Order on Kathryn J. White, as Administratrix of the Estate of Frederick White within seven days of its entry date, and file a certificate of service.

FURTHER, that counsel for the parties, including for the newly substituted estate, must appear before this Court on October 20, 2021, at 10:00 a.m., to report on the completion of substitution and to discuss how this case will proceed.

FURTHER, that Petitioner-in-Limitation Sikorski's Motion for Summary Judgment (Docket No. 33) will be held in abeyance through October 20, 2021, to avoid piecemeal dispositive motion practice.

SO ORDERED.

Dated:	September 2, 2021
	Buffalo, New York

                                             s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge